**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 10-00607-2 JSW |
| v. | **ORDER RESOLVING MOTIONS** |
| DAMON SYKES, | |
| Defendants. | |

Now before the Court for consideration are the following motions filed by Defendant Damon Sykes ("Mr. Sykes"): (1) Motion for Order Disclosing Any Exculpatory or Impeaching Information Contained in the Psychological Evaluation of Co-Defendant Shelly Jones; and (2) Motion for Order Setting Dates for Disclosure of Discovery by Government. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the motions suitable for disposition without oral argument.

Accordingly, the motion hearing scheduled for April 7, 2011, is CONVERTED to a status conference. The Court's rulings are set forth in the remainder of this Order.

**1.   Motion for an Order Disclosing Any Exculpatory or Impeaching Information Contained in the Psychological Evaluation of Co-Defendant Shelly Jones (Docket No. 80).**

Mr. Sykes moves the Court to conduct an *in camera* review of and issue "an order requiring the disclosure of any exculpatory or impeachment information contained in the psychological evaluation" (the "Evaluation") of his co-defendant Shelley Jones ("Ms. Jones"). (Motion at 1:20-22.) Ms. Jones opposes the motion and asserts her psychotherapist-patient

privilege as a basis for opposing disclosure of the Evaluation.  *See Jaffee v. Redmond*, 518 U.S. 1 (1996).  The Government states that it takes no position on the motion.[1]

Mr. Sykes specifies that he seeks disclosure of: (1) any statements made by Ms. Jones asserting Mr. Sykes's innocence; (2) an information tending to show that Ms. Jones has a bias against Mr. Sykes; (3) any information tending to show Ms. Jones has a propensity for untruthfulness; (4) any information that may be used to impeach the credibility of Ms. Jones at trial; and (5) any other information relevant to the defense of Mr. Sykes.  (*Id.* at 1:24-28.)

According to the record in this case, Ms. Jones submitted to and paid for the Evaluation in order to satisfy the Magistrate Judge who addressed the issue of Ms. Jones' pretrial release.  Ms. Jones submitted the Evaluation to the Magistrate Judge on an *ex parte* basis, and it has not been disclosed to anyone but the Magistrate Judge.  Thus, the Evaluation has not been made available to Pretrial Services, the Government, Mr. Sykes, or the undersigned.  (*See* Docket No. 86 (Jones Opp. Br. at 3:1-23.)  Because it is undisputed that the Government does not possess, has not been in possession of, and has not even seen any of the information in the Evaluation, at this time, the Government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) or Federal Rule of Criminal Procedure 16 are not implicated by Mr. Sykes' motion.

Mr. Sykes contends that this Court must conduct an *in camera* review of the Evaluation in order to protect his due process rights under the Fifth Amendment to the United States Constitution as well as his Sixth Amendment rights to confront and cross-examine witnesses.  Because the Evaluation, although required by the Court, was prepared by Ms. Jones, in essence, Mr. Sykes seeks discovery from his co-defendant.  If Mr. Sykes had submitted a request for a subpoena, under Federal Rule of Criminal Procedure 17(c), to obtain this information, the Court would be compelled to conclude that, on the current record, he has not established that the issuance of a subpoena would be warranted.  *See, e.g., United States v. Fields*, 663 F.2d 880,

---

[1] However, the Government asks that if the Court conducts an *in camera* review of the Evaluation, and determines that some material must be disclosed to Mr. Sykes, that the Court make that material available to the Government as well.  Because the Court is denying Mr. Sykes' motion, the Government's request for equivalent disclosure is denied as moot.

2

881 (9th Cir. 1981); *United States v. Johnson*, 2008 WL 62281, at *4 (N.D. Cal. Jan 4. 2008) (noting that seeking materials solely for impeachment purposes generally is not sufficient to justify pretrial production of documents).

Moreover, Ms. Jones has asserted her psychotherapist-patient privilege in opposition to Mr. Sykes' motion. In *Jaffee*, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee*, 518 U.S. at 16. Although the Court stated that it was "neither necessary nor feasible to delineate [the] full contours" of the privilege "in a way that would govern all conceivable future questions in this area" and although it recognized that it did not "doubt that there are situations in which the privilege must give way," it explicitly rejected the balancing component of the privilege that had been adopted by the court of appeals and a small number of states. *Id.* at 17-18 & n. 19 (internal quotations and citations omitted). "Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Id.* at 17.

As Mr. Sykes notes in his opposition, in cases decided post *Jaffee*, some courts have determined that an *in camera* review of psychological records has been warranted and also have permitted disclosure of such documents, in order to protect a defendant's right to confrontation. *See, e.g., Bassine v. Hill,* 450 F. Supp. 2d 1182, 1185-86 (D. Ore. 2006) (granting motion for subpoena in habeas case; concluding that habeas petitioner's rights of confrontation and cross-examination outweighed victim's psychotherapist-patient privilege); *United States v. Mazzola*, 217 F.R.D. 84, 88-90 (after *in camera* review permitting limited disclosure of records in government's possession and declining to recognize a "blanket federal common law privilege for therapist records of an important government witness regarding therapy sessions temporally proximate to the criminal charges"); *United States v. Alperin*, 128 F. Supp. 2d 1251, 1252-55 (N.D. Cal. 2001) (applying balancing test and determining that "potential evidentiary benefit and materiality of" victim's mental health records to defendant's claim of self-defense

3

warranted *in camera* review); *United States v. Hansen*, 955 F. Supp. 2d 1225, 1226 (D. Mont. 1997) (granting defendant's motion for subpoena under Fed. R. Crim. P. 17, where defendant showed that deceased's "mental and emotional condition ... is a central element of her claim for slef-defense," and that defendant's need outweighed asserted privilege).

There also are a number of courts that have issued opinions to the contrary. *See, e.g., United States v. Shrader*, 716 F. Supp. 2d 464, 472 (S.D.W.Va. 2010) ("The Court finds that the psychotherapist-patient privilege is not subordinate to the Sixth Amendment rights of Defendant."); *United States v. Doyle*, 1 F. Supp. 2d 1187, 1190-91 (D. Ore. 1998) (rejecting defendant's argument that Sixth Amendment rights to compulsory process trumped victim's right to confidentiality where government sought upward departure at sentencing and victim would testify at sentencing hearing and quashing subpoena for mental health records); *United States v. Haworth*, 168 F.R.D. 660, 661 (D.N.M. 1996) (court conducted *in camera* review of records produced in response to subpoena, but declined to order production and stated that defendants "mistakenly equate their confrontation rights with a right to discover information that is clearly privileged").

Mr. Sykes urges this Court to "follow *Alperin* and the other decisions calling for a balancing test." (Mot. at 5:26-27.) The *Alperin* court distinguished *Jaffee* on the basis that it was a civil case, and stated there were "strong reasons to question whether the same result would obtain in a criminal case...." *Alperin*, 128 F. Supp. 2d at 1253. *Jaffee* was indeed a civil case. However, the issue before the Supreme Court in *Jaffee* whether or not it was appropriate to recognize the existence of a federal psychotherapist-patient privilege. The Court concluded that it was appropriate to recognize the privilege, but it also found that it was not appropriate to include a balancing component as part of the privilege. In light of the nature of the issue presented to the Supreme Court, and absent further direction from that Court or the Ninth Circuit, this Court unwilling to distinguish *Jaffee*'s rejection of a balancing test, solely on the basis that *Jaffee* was a civil case.

Moreover, although the *Jaffee* court recognized there might be situations where the privilege might be required to "give way," the Court concludes that the facts of this case do not

4

1 present such a situation. Unlike many of the cases on which Mr. Sykes' relies, the Court is not
2 just considering whether Ms. Jones' privacy interests should give way to Mr. Sykes'
3 constitutional rights. Rather, the Court also must consider whether Mr. Sykes' constitutional
4 rights trump Ms. Jones' own constitutional and statutory rights. In the context of this case, the
5 Court concludes they do not.

6 Accordingly, the Court DENIES Mr. Sykes' motion.

7 **2.    Motion to Set Dates for Disclosure of Discovery By Government (Docket No. 81).**

8 By this Motion, Mr. Sykes seeks a firm date by which all discovery required by Federal
9 Rule of Criminal Procedure 16, Northern District Criminal Local Rule 16-1, *Brady,* and *Giglio*
10 must be disclosed. Mr. Sykes initially requested that the Court require all discovery to be
11 produced by no later than April 21, 2011. However, on reply he states that he would not oppose
12 the date suggested by the Government, May 6, 2011, if the Court were to continue the pretrial
13 conference by one week. The Government has no objection to that request.

14 Accordingly, it is HEREBY ORDERED that Mr. Syke's motion to set a disclosure date
15 is GRANTED in part. Each party shall produce any requested discovery and any reciprocal
16 discovery triggered by those requests by May 6, 2011. The pretrial conference scheduled for
17 June 13, 2011 shall be continued to June 20, 2011. The parties' joint pretrial filings shall be
18 due by June 6, 2011.

19 **IT IS SO ORDERED.**

20 Dated: April 6, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE